## Putnam v. Clark.

(Decided March 20, 1917.)

### Appeal from McCracken Circuit Court.

Partnership,—Action for Dissolution and Settlement—Existence of Partnership—Evidence.—In an action for the dissolution and settlement of a partnership in the purchase and conduct of a laundry business, based on an agreement alleged to have been made by plaintiff and defendant's husband representing her as agent, evidence examined and held insufficient to show that any such partnership agreement was made.

BERRY & GRASSHAM and L. B. ALEXANDER for appellant.

CAMPBELL & CAMPBELL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a suit by R. V. Putnam against Mrs. O. A. Clark for the appointment of a receiver for the Paducah Laundry Company and for the dissolution and settlement of a partnership alleged to have existed between them. Being denied the relief prayed for, Putnam appeals.

Mrs. Clark was the owner of 75 per cent. of the stock of the Paducah Laundry Company. The laundry was under the management of her husband, E. C. Clark. The business was not successful and the company made an assignment to E. C. Clark. By order of court the business was conducted by the assignee until the fall of 1914, when the assets of the company were directed to be sold. The sale took place on December 15, 1913. Plaintiff testifies that just before the sale he arranged with E. C. Clark to purchase the property at the sale and take a half interest in the business. At that time he was in the laundry business at Princeton, and the sale was postponed in order to give him an opportunity to dispose of his business at Princeton. Thereupon he disposed of his plant at Princeton and upon his return to Paducah he and E. C. Clark agreed to buy the Paducah laundry property. He was present at the sale and the property was purchased by Mr. Washburn. The bond was first prepared with him as principal and Mrs. Clark as surety. This bond was refused, whereupon a bond with Mrs. Clark as principal and him as surety was accepted. He exhibited three letters from E. C. Clark in reference to the conduct of the business after the sale, in one of which Clark speaks of the fact that it was immaterial how the bond was made out, and adds that as soon as the matter was settled they would each have a half interest in the business. After the sale the business was conducted in the name of Putnam & Clark and witness looked after the operation of the laundry. When the bond matured, Mrs. Clark paid it off without the knowledge of witness. As soon as he learned of this fact he tendered to Mrs. Clark his half of the purchase price. The proposed partnership was not discussed by witness and Mrs. Clark and, with the exception of the execution of the bond, he had no dealings whatever with her. Mr. Mocquot, an attorney, of Paducah, corroborates plaintiff in regard to the execution of the bond. He

also states that plaintiff was one of the bidders at the sale.

While Mrs. Clark admits that her husband was her agent for the purpose of conducting the laundry, she says that he was never authorized to represent her in the formation of a partnership between her and plaintiff. The only agreement she made with reference to the business was to the effect that if her husband and Putnam could raise the money necessary to purchase the entire laundry she would turn her interest over to them to enable them to form a partnership, but that she would not enter into any partnership with Putnam. When the sale took place she was represented by Mr. Washburn, who purchased the property for her. As soon as she learned that the business was operated and the accounts kept in the name of Putnam & Clark she objected, and the business was thereafter conducted in the name of the Paducah Laundry Company. When the bond became due she paid it out of her own money. E. C. Clark testifies that the agreement between him and Putnam contemplated only a partnership between them, provided they could raise the money and purchase the plant. In making the negotiations he had no authority to represent his wife and did not attempt or intend to form a partnership between her and Putnam. Mr. Washburn testifies that he was present at the sale as the representative of Mrs. Clark and purchased the property for her. Mr. Putnam was present and was one of the contending bidders.

It is insisted for plaintiff that, where the wife entrusts the entire management of her business to her husband, her claim that her husband had no authority to represent her in a particular transaction should be closely scrutinized for the purpose of preventing fraud and imposition on a third party, who acted in good faith on the apparent authority of the husband, and that when the transaction in question is thus considered the facts and circumstances are sufficient to show that a partnership was contemplated between plaintiff and defendant and the property was purchased for their joint account, notwithstanding defendant's denial of her husband's right to represent her in the matter. Plaintiff's whole case is predicated on the theory that he and Mrs. Clark were partners in the purchase of the property and the

conduct of the laundry business.   He admits that he never had any negotiations whatever with Mrs. Clark. The entire agreement was between him and Mr. Clark. Passing the question of authority, it does not appear from plaintiff's evidence that Mr. Clark ever acted for his wife, or claimed to have acted for his wife, in the agreement which he made with plaintiff.   On the contrary, plaintiff says that he and Mr. Clark agreed to buy the property.   This view of the agreement is not only sustained by the evidence for the defendant, but is confirmed by the fact that plaintiff was himself present at the sale and actually bid on the property against Mrs. Clark's representative.   It is not probable that if there had been an agreement that they were to be partners in the purchase of the property.he would be bidding against his prospective partner.   For these reasons we perceive no ground for disturbing the finding of the chancellor.

Judgment affirmed.